UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHAN SMITH, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:17-CV-292-TLS |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 30]. The Plaintiff's attorney requests attorney fees under 42 U.S.C. § 406(b) in the net amount of $14,644.22,[1] which already accounts for an offset of Equal Access to Justice Act (EAJA) fees. The Defendant filed a Response [ECF No. 31] indicating no opposition to or support for the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits and supplemental security income. On March 30, 2018, the Court granted the Plaintiff's request, reversing and remanding for further proceedings. ECF No. 25. On May 14, 2018, the Court awarded $2,818.30 in attorney fees under the EAJA, 28 U.S.C. § 2412. ECF No. 29.

---

[1] Although the motion requests a net fee of $14,644.23, the reductions to the fee requested by counsel in the motion result in a net amount of $14,644.22 as set forth below.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits in the amount of $97,064.00, twenty-five percent of which ($24,266.00) was withheld for the payment of attorney fees. *See* Notice of Award 3, ECF No. 30-5. The Plaintiff's attorney filed the instant motion [ECF No. 30] on February 11, 2022, requesting that the Court award attorney fees pursuant to § 406(b) in the net amount of $14,644.22. This amount is based on the retainer agreement between the Plaintiff and the Plaintiff's attorney, *see* ECF No. 30-1, in which the Plaintiff agrees to pay the attorney twenty-five percent of all past-due benefits for work at the federal court level. The agreement further provides that the attorney will refund to the Plaintiff the smaller of the EAJA fee and the § 406(b) award. Finally, the agreement provides that the § 406(a) and § 406(b) fees will not total more than twenty-five percent of all past-due benefits.

Thus, the Plaintiff's attorney requests that the twenty-five percent withheld in the amount of $24,266.00 for the § 406(b) fee be reduced by the § 406(a) representative fee in the amount of $6,000.00, which has been sought, but has not yet been awarded. The attorney then requests that the withheld amount be further reduced by $803.48 to account for three extensions of time sought to file the opening brief. This results in a requested total § 406(b) attorney fee award of $17,462.52. However, the Plaintiff's attorney requests payment of a net § 406(b) attorney fee of $14,644.22, which constitutes the $17,462.52 total fee offset by the EAJA fee award of $2,818.30.

## ANALYSIS

The Plaintiff's counsel requests a net payment of $14,644.22 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before

the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796. The Seventh Circuit Court of Appeals has recognized that "the netting method is permissible," even if disfavored, and that whether to use the method is within discretion of the court. *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2021).

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed total § 406(b) fee of $17,462.52 equals an effective hourly rate of approximately $1,238. *See* Pl.'s Mot. ¶ 4, ECF No. 30 (reflecting 14.1 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (noting that an hourly rate of $1,711.96 is within the range of rates approved by courts); *Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at *1–2 (N.D. Ill. Nov. 29, 2017) (awarding attorney fees with an hourly rate of $1,612.28); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in past-due benefits as well as future payments, counsel is not seeking more than twenty-five percent of past-due benefits for

the § 406(a) and § 406(b) fees combined, and counsel reduced the fee request to account for extensions of time sought to file the Plaintiff's opening brief.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 30] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the net amount of $14,644.22, which already accounts for the offset of EAJA fees.

SO ORDERED on June 30, 2022.

                                                        s/ Theresa L. Springmann
                                                       JUDGE THERESA L. SPRINGMANN
                                                       UNITED STATES DISTRICT COURT